UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEVON SANFORD, JR., | Case No. 2:21-cv-00824-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| G. GEMO, *et al.*, | ECF No. 2 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) FILE AN AMENDED COMPLAINT; OR |
| | (2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS |
| | ECF No. 1 |
| | SIXTY-DAY DEADLINE |

Plaintiff brings this action under 42 U.S.C. § 1983 and alleges that defendants Gemo, Cummings, and Williams violated his Eighth Amendment rights by denying him treatment for an ankle injury and by using excessive force against him. Additionally, plaintiff has filed an application to proceed *in forma pauperis*, ECF No. 2, which makes the proper showing and will be granted.[1] For the reasons set forth below, plaintiff alleges cognizable claims against

---

[1] Plaintiff must pay the requisite filing fee in accordance with the concurrently filed collection order.

1

1  defendants Gemo and Williams, but not defendant Cummings.  Plaintiff may choose to proceed
2  only with his claims against Gemo and Williams, or he may opt to file an amended complaint.

### Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on November 18, 2020, he fell to the ground after suffering a sudden injury to his foot and ankle. ECF No. 1 at 3. He alerted a nearby correctional officer, defendant Gemo, of his injury, and the latter told him he was "faking." *Id.* at 3, 5. Gemo declined to take plaintiff to a medical provider and ordered him back to his cell. *Id.* at 3. Plaintiff did not move and instead yelled "man down." *Id.* Gemo responded by sounding an alarm and telling other officers that he had a disruptive inmate. *Id.* Officers responded, defendant Williams among them, and pressed plaintiff into the floor. *Id.*

Liberally construed, and for screening purposes, plaintiff's allegations state a cognizable claim of medical deliberate indifference against defendant Gemo. Plaintiff has not alleged that defendant Williams, who was not present at the time of the injury, was aware of any medical problem at the time he responded to Gemo's alarm. Thus, plaintiff's medical claims may proceed only against Gemo.

Plaintiff may pursue Eighth Amendment excessive force claims against both Williams and Gemo. Accepting plaintiff's allegations as true, Gemo called for backup with the knowledge that plaintiff was not a threat and that unnecessary force would likely be deployed against him. Williams is alleged to have participated in deploying that force.

Plaintiff has not alleged any viable claims against defendant Cummings. Although this officer is named as a defendant in the caption of the complaint, I can find no mention of him or her in the body of the complaint.

**Leave to Amend**

Plaintiff may choose to proceed with the claims identified above against defendants Gemo and Williams. Alternatively, he may choose to forego serving any defendant and file an amended complaint. If plaintiff chooses to amend, he is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (explaining that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the

1  alleged deprivation).  Plaintiff may also include any allegations based on state law that are so
2  closely related to his federal allegations that "they form the same case or controversy."  28 U.S.C.
3  § 1367(a).  The amended complaint must contain a caption that includes the names of all
4  defendants. Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging new,
5  unrelated claims.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

6  Any amended complaint must be written or typed so that it so that it is complete in and of
7  itself, without reference to any earlier-filed complaint.  E.D. Cal. L.R. 220.  This is because an
8  amended complaint supersedes any earlier filed complaint, and once an amended complaint is
9  filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v.*
10 *Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[The] 'amended complaint supersedes the
11 original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55,
12 57 (9th Cir. 1967)).

13 Any amended complaint should be as concise as possible while meeting the above
14 requirements. Fed. R. Civ. P. 8(a).  Plaintiff should not include procedural or factual background
15 that has no bearing on his claims.  He should also make sure that his amended complaint is as
16 legible as possible, considering not only to penmanship but also spacing and organization.
17 Plaintiff should consider whether each of the defendants he names actually had involvement in
18 the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens
19 of defendants will not be looked upon favorably.

20 Accordingly, it is hereby ORDERED that:

21 1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

22 2.  Within sixty days from the service of this order, plaintiff must either advise the court
23 that he intends to proceed with the claims identified as viable against Gemo and Williams or file
24 an amended complaint.

25 3.  Failure to comply with this order may result in the dismissal of this action.

26 4.  The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   September 22, 2021          /s/ Jeremy Peterson
                                              JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE