UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEVON SANFORD, Jr.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>G. GEMO, *et al.*,<br><br>　　　　　　Defendants. | Case No.  2:21-cv-00824-DAD-JDP (PC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>ECF No. 36<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　Plaintiff alleges that defendants Gemo and Williams, both officers at the California Medical Facility, violated his Eighth Amendment rights. ECF No. 1 at 3-4. He alleges that Gemo ignored his pleas for medical assistance after an injured ankle caused him to fall in his cell. *Id.* at 3. Afterwards, Gemo deemed plaintiff a "disruptive inmate" and summoned additional officers. *Id.* Williams was among the responding officers and allegedly used excessive force to restrain plaintiff by putting pressure on the injured ankle. *Id.* at 4. Defendants now move for summary judgment and argue that they did not violate plaintiff's Eighth Amendment rights and, alternatively, are entitled to qualified immunity. ECF No. 36. Plaintiff has filed an opposition, ECF No. 41, and defendants have filed a reply, ECF No. 42. After review of the pleadings, I recommend defendants' motion be granted and judgment be entered for defendants.

**Motion for Summary Judgment**

### A. Legal Standards

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computs., Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*

1 *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this
2 initial burden, the burden then shifts to the non-moving party "to designate specific facts
3 demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d
4 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than
5 the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477
6 U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material
7 issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to
8 require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec.l*
9 *Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

10     The court must apply standards consistent with Rule 56 to determine whether the moving
11 party has demonstrated there to be no genuine issue of material fact and that judgment is
12 appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
13 "[A] court ruling on a motion for summary judgment may not engage in credibility
14 determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir.
15 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the
16 nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.
17 *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,
18 198 F.3d 1130, 1134 (9th Cir. 2000).

19     **B.**    **Analysis**
20         **i.**    **Medical Deliberate Indifference Claim Against Gemo**

21     As noted above, plaintiff alleges that defendant Gemo violated his right to adequate medical
22 care when he failed to summon help after plaintiff fell in his cell.  ECF No. 1 at 3.  In their motion
23 for summary judgment, defendants have offered evidence that, after he was restrained, plaintiff
24 was seen by medical staff.  In his deposition, plaintiff admits that, on November 18, 2020, after
25 officers restrained him, he was taken to see a provider, who examined his injury and provided
26 him with pain medication.  ECF No. 36-4 at 15.  His medical records corroborate being seen on
27 that date, ECF No. 36-9 at 10, and physician notes from a few days later, on November 24, 2020,
28 indicate that plaintiff did not suffer any new injury as a result of the use of force incident, *id.* at

1  18. Plaintiff's opposition offers no argument or evidence to the contrary. Accordingly, I find that
2  plaintiff suffered no cognizable injury because of Gemo's alleged failure to immediately summon
3  medical staff. *See Stribling v. Brock*, No. 15-cv-03336-YGR (PR), 2017 U.S. Dist. LEXIS
4  34939, *40 (N.D. Cal. Mar. 10, 2017) ("[A]t a minimum, Plaintiff must show that he suffered
5  some injury as a result of Defendants' conduct to state a constitutional claim."). Plaintiff's
6  medical claims should be dismissed.

### ii. Excessive Force Claims Against Both Defendants

Defendants argue that no excessive force claim may issue against defendant Gemo because, after refusing to summon medical staff, he did nothing more than sound his alarm and indicate that plaintiff was disruptive. I find this argument persuasive. As defendants point out, courts have found that no excessive force claim may attach based solely on a defendant sounding an alarm. *See Baker v. Villalobos*, No. 2:18-cv-2301-PA (GJS), 2019 U.S. Dist. LEXIS 87388, *14-15 (C.D. Cal. Mar. 4, 2019) (finding no excessive force claim against defendant who only sounded alarm and who did not encourage responding officers to use excessive force). Plaintiff has not alleged that Gemo knew that responding officers would harm him.

As to Williams, defendants argue that his actions were justified and did not constitute excessive force. In his deposition, plaintiff alleges that four officers responded to Gemo's alarm and restrained him. ECF No. 36-4 at 11-12. He states that Williams was among them, and that he placed his body weight on plaintiff's injured ankle in order to restrain him. *Id.* at 12. This contrasts with Williams' affidavit, wherein the defendant states that he placed a hand on plaintiff's shoulder. ECF No. 36-6 at 2. Assuming Williams did put weight on plaintiff's injured ankle, nothing in the complaint or plaintiff's opposition indicates that he was aware of the injury or acting with the intent to cause plaintiff harm. Rather, as plaintiff acknowledges in his deposition, Williams was one of four officers responding to an alarm about a disruptive inmate. ECF No. 36-4 at 11-12. There is no evidence that he was aware of the alleged animus between plaintiff and Gemo. Acting quickly to restrain an inmate deemed disruptive by immobilizing him falls within a reasonable range of force. As the Supreme Court stated in *Whitley v. Albers*:

> Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

475 U.S. 312, 320-21 (1986) (internal quotation marks omitted). There is simply no evidence here that Williams acted maliciously and sadistically. In reaching this conclusion, I note that plaintiff's opposition is nothing more than a series of admissions and denials of defendants' statement of undisputed facts.[1] ECF No. 41. This is insufficient. *See Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1103 ("If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense . . . . If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment.").[2]

Accordingly, it is hereby RECOMMENDED that defendants' motion for summary judgment, ECF No. 36, be GRANTED, and judgment be entered in their favor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

[1] Curiously, plaintiff attests that "I deny officer Williams at the time of the incident was hurting my ankle legs." ECF No. 41 at 2. I assume that this is a typographical error and that plaintiff intends to reaffirm his allegations against this defendant.

[2] In concluding that defendants did not violate plaintiff's rights, I find it unnecessary to reach their qualified immunity arguments.

IT IS SO ORDERED.

Dated:   January 24, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE