1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEVON SANFORD, JR,                        No.  2:21-cv-00824-DAD-JDP (PC)

12                    Plaintiff,

13          v.                                   ORDER ADOPTING FINDINGS AND
                                                 RECOMMENDATIONS AND GRANTING
14    G. GEMO, et al.,                           DEFENDANTS' MOTION FOR SUMMARY
                                                 JUDGMENT
15                    Defendants.
                                                 (Doc. Nos. 36, 43)
16

17          Plaintiff Jevon Sanford, Jr is proceeding *pro se* and *in forma pauperis* in this civil rights

18   action under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge

19   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On January 24, 2024, the assigned magistrate judge issued findings and recommendations

21   recommending that defendants' motion for summary judgment (Doc. No. 36) be granted in its

22   entirety.  (Doc. No. 43.)  Specifically, the magistrate judge concluded that under the undisputed

23   evidence before the court on summary judgment, plaintiff suffered no cognizable injury based on

24   defendant Gemo's failure to immediately summon medical staff and was therefore entitled to

25   summary judgment in his favor on plaintiff's deliberate indifference claim brought against him.

26   (Doc. No. 43 at 3.)  In addition, the magistrate judge concluded that both defendants Gemo and

27   Williams were entitled to summary judgment on plaintiff's excessive force claim against them.

28   (*Id.* at 4.)  Specifically, as to defendant Gemo, the magistrate judgment concluded that no

                                                 1

excessive force claim could attach based solely on defendant Gemo sounding an alarm bell. (*Id.*) As to defendant Williams, the magistrate judge concluded that even assuming that defendant Williams placed his body weight on plaintiff's injured ankle in order to restrain him, plaintiff had not come forward with any evidence on summary judgment that defendant Williams did so with the requisite purpose to harm. (*Id.* at 4–5.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 5.) No objections to the findings and recommendations have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1.    The findings and recommendations issued on January 24, 2024 (Doc. No. 43) are adopted in full;

2.    Defendants' motion for summary judgment (Doc. No. 36) is granted; and

3.    The Clerk of the Court is directed to enter judgment in favor of defendants Gemo and Williams and close this case.

IT IS SO ORDERED.

Dated:  __**March 5, 2024**__

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2